# IN THE UNITED STATES DISTRICT COURT
## OF THE NORTHERN DISTRICT OF GEORGIA
### NEWNAN DIVISION

| | |
|---|---|
| OLIVER JORDAN; | |
| *Plaintiff*, | |
| v. | Civil Action File No.: |
| EVANS DELIVERY COMPANY, INC., ENC HOLDING CORPORATION, AND ACE AMERICAN INSURANCE COMPANY; | |
| *Defendant.* | |

## COMPLAINT

Plaintiff in the above-styled action respectfully files this Complaint and Demand for Jury Trial, showing the Court the following.

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Oliver Jordan resides in, is domiciled in, and is a citizen of the state of Georgia.

2.

Defendant ENC Holding Corporation ("ENC"):

a)  is so named because "ENC" refers to "Evans Network of Companies;"

b)  is a motor carrier (*see* 49 C.F.R. § 390.5);

c)  is a foreign profit corporation incorporated and existing under

   Delaware law;

d)  is not registered to conduct business in Georgia;

e)  has its principal office and principal address at 100-110 West

   Columbia Street, Schuylkill Haven, PA 17972;

f)  is a citizen of Pennsylvania and Delaware;

g)  is not a citizen of Georgia;

h)  can be served with process at its registered agent in Delaware, The

   Corporation Trust Company, Corporation Trust Center, 1209 Orange

   Street, Wilmington, Delaware 19801.

3.

Defendant Evans Delivery Company, Inc. ("EDC"):

a)  is a motor carrier (*see* 49 C.F.R. § 390.5);

b)  is a foreign profit corporation incorporated and existing under

Pennsylvania law;

c)  has registered to conduct business in Georgia;

d)  has its principal office and principal address at 100-110 West

Columbia Street, Schuylkill Haven, PA 17972;

e)  is a citizen of Pennsylvania;

f)  is not a citizen of Georgia; and

g)  can be served with process at its registered agent in Georgia, David

Lee Cates, 2300 Henderson Mill Road, Suite 112, Atlanta, GA 30345.

4.

ENC and EDC are hereinafter referred to collectively as "the Evans

Defendants."

5.

Defendant ACE American Insurance Company ("ACE"):

a) is a foreign nonprofit corporation incorporated and existing under

Pennsylvania law;

b)  has registered to conduct business in Georgia;

c)  has its principal office and principal address at 436 Walnut Street,

Philadelphia, PA 19106;

d) is a citizen of Pennsylvania;

e) is not a citizen of Georgia; and

f) can be served with process at its registered agent in Georgia, C T
Corporation System, 289 S Culver Street, Lawrenceville, GA 30046.

6.

The amount in controversy exceeds the jurisdictional threshold of $75,000.
Plaintiff's life is permanently altered, and his past medical bills alone exceed the
jurisdictional amount.

7.

This Court has subject-matter jurisdiction over this case under 28 U.S.C. §
1332 because Plaintiff Jordan is a citizen of Georgia, Defendant ENC is a citizen
of Delaware and Pennsylvania, Defendant EDC is a citizen of Pennsylvania,
Defendant ACE is a citizen of Pennsylvania, and the amount in controversy
exceeds $75,000.[1]

8.

This Court has personal jurisdiction over the Evans Defendants because this
cause of action arose from their purposeful contacts with the state of Georgia.

---

[1] Plaintiff's past medical expenses to date exceed this amount, to say nothing of Plaintiff's larger claims for
interference with daily living, pain and suffering, and future medical expenses.

9.

This Court has personal jurisdiction over ACE because this cause of action arose from ACE's purposeful contacts with the state of Georgia.

10.

Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) and Local Rule 3.1(B)(3) because the events giving rise to this cause of action occurred in Coweta County, Georgia which is located in the Newnan Division.

## FACTS

11.

At approximately 9:25pm on October 1, 2019, Paul Reed stopped the tractor-trailer that he was driving in the roadway of Temple Avenue (Georgia Highway 16) and began to back up.

12.

It was dark where Reed had stopped the tractor-trailer.

13.

The area where Reed had stopped the tractor-trailer was not well lit.

14.

Reed intended to back his tractor-trailer into a driveway located at or near 331 Temple Avenue, Newnan, GA 30263.

15.

As Reed backed up, the tractor-trailer blocked the northbound and center lanes of Temple Avenue.

16.

The tractor-trailer that Reed was driving was not well lit along its side.

17.

Reed knew that backing his tractor-trailer across multiple traffic lanes was unsafe, especially at night.

18.

Reed knew that backing his tractor-trailer across multiple traffic lanes was illegal.

19.

Reed nonetheless regularly backed his tractor-trailer across Temple Avenue to park his truck in or near 331 Temple Avenue.

20.

Each time that Reed backed his tractor-trailer across Temple Avenue to park his truck in or near 331 Temple Avenue, the tractor-trailer blocked multiple lanes.

21.

At approximately 9:25pm on October 1, 2019, Plaintiff was driving north on Temple Avenue in his pickup truck.

22.

Plaintiff was exercising due care and driving safely.

23.

Plaintiff had a valid Georgia driver's license.

24.

Because the tractor-trailer had stopped and was backing illegally across Temple Avenue, Plaintiff was unable to see the tractor-trailer in time to avoid it.

25.

When he saw the tractor-trailer, Plaintiff slammed on the brakes.

26.

Plaintiff's pickup truck struck the tractor-trailer.

27.

Plaintiff sustained serious, permanent injuries.

## RELATIONSHIPS AMONG DEFENDANTS

28.

As to ENC and EDC, at all relevant times:

a) ENC owned EDC;

b) ENC controlled EDC;

c) ENC and EDC were engaged upon a joint venture;

d) ENC and EDC were acting in concert;

e) EDC was an alter ego for ENC.

29.

Reed was an employee or agent of the Evans Defendants at the time of the collision.

30.

At the time of the wreck, Reed was acting within the course and scope of his employment with the Evans Defendants.

31.

At the time of the wreck, the Evans Defendants controlled the time, manner, and method of Reed's actions.

32.

The truck that Reed was driving was owned by the Evans Defendants at the time of this collision.

33.

The truck that Reed was driving was under lease to  the Evans Defendants at the time of this collision.

34.

As the lessee, the Evans Defendants had "complete responsibility" for the operation of the truck at the time of this collision.  *See* 49 C.F.R. § 376.12(c)(1).

35.

ACE issued a policy of liability insurance to the Evans Defendants that was in full force and effect at the time of the collision.

## LIABILITY

### 36.

Reed is liable because:

a) he was negligent;

b) he consciously disregarded known and obvious risks to the safety of others;

c) he showed that entire want of care that reveals conscious indifference to the consequences of his actions (*see* O.C.G.A. § 51-12-5.1);

d) he stopped the tractor-trailer illegally (*see* O.C.G.A. § 40-6-203);

e) he backed the tractor-trailer illegally (*see* O.C.G.A. § 40-6-240);

f) he violated Georgia's Rules of the Road;

g) he violated the rules, standards, guidelines, requirements, and industry norms that drivers of commercial motor vehicles must obey; and

h) he violated the Federal Motor Carrier Safety Regulations.[2]

### 37.

The Evans Defendants are liable because:

a) they are vicariously liable for Reed's misconduct;

---

[2] *See, e.g.,* 49 C.F.R. §§ 383.111(a)(6)(i)-(ii), 383.111(a)(7)(i)-(ii), 383.111(a)(8)(i)-(ii), 383.113(b)(4), 383.113(c)(4), 383.113(c)(8), 392.22(a), 392.2.

b) they are liable for Reed's misconduct under a theory of *respondeat superior*;

c) Reed was their statutory employee (*see* 49 C.F.R. § 390.5; *PN Exp., Inc. v. Zegel*, 304 Ga. App. 672, 675-79 (2010));

d) they negligently or recklessly hired, trained, supervised, and/or retained Reed;

e) they directly violated the Federal Motor Carrier Safety Regulations; and

f) they had "complete responsibility" for the tractor-trailer (*see* 49 C.F.R. § 376.12(c)(1); *PN Exp., Inc. v. Zegel*, 304 Ga. App. 672, 675-76 (2010)).

38.

ACE:

a) is liable because it insured the Evans Defendants, and

b) is a proper party to this case under Georgia's direct action laws (*see* O.C.G.A. §§ 40-2-140(d)(2), 40-1-112(c)).

39.

All Defendants are liable for punitive damages.

40.

All Defendants are liable for Plaintiff's attorneys' fees and costs because Defendants showed bad faith, were stubbornly litigious, and have caused unnecessary trouble and expense.  *See* O.C.G.A. § 13-6-11.

## CAUSATION

41.

The misconduct of the Evans Defendants and Reed proximately caused the wreck.

42.

The wreck proximately caused Plaintiff's injuries.

## DAMAGES

43.

Plaintiff sustained serious personal injuries.

44.

Plaintiff's injuries included, but were not limited to, injuries to his throat, neck, and feet.

45.

Plaintiff seeks to recover, and is entitled to recover, for:

a)  interference with daily living (past and future);

b)  loss of capacity for the enjoyment of life (past and future);

c)  diminished quality of life (past and future);

d)  physical pain and suffering (past and future);

e)  mental pain and suffering (past and future);

f)  medical expenses (past and future);

g)  fright, shock, and terror;

h)  compensatory damages;

i)  punitive damages; and

j)  personal injuries.

## **PRAYER FOR RELIEF**

46.

Plaintiff respectfully requests that:

a)  process issue as provided by law,

b)  Plaintiff have trial by jury,

c)  judgment be awarded to Plaintiff and against Defendants,

d)  Plaintiff be awarded damages in an amount to be shown at trial, and

e)  Plaintiff have such other relief as this Court deems just and

appropriate.

Respectfully submitted, this 27th day of April, 2020.


BUTLER LAW FIRM

BY:   */s/ J.E. Butler III*
           JAMES E. BUTLER, III
            Georgia Bar No. 116955
           MORGAN E. LYNDALL
            Georgia Bar No. 905112
           THOMAS A. GIANNOTTI
            Georgia Bar No. 977245

10 Lenox Pointe
Atlanta, Georgia 30324
jeb@butlerfirm.com
morgan@butlerfirm.com
tom@butlerfirm.com
(t) 678 940 1444
(f) 678 306 4646                    **ATTORNEYS FOR PLAINTIFF**