# IN THE UNITED STATES DISTRICT COURT
# OF THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| OLIVER JORDAN, *Plaintiff*, v. EVANS DELIVERY COMPANY, INC., ENC HOLDING CORP., AND ACE AMERICAN INSURANCE COMPANY, *Defendants*. | Civil Action File No.: 3:20-CV-00060-TCB |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1. Description of Case:**

(a) Describe briefly the nature of this action.

**Plaintiff's Response:**

This is a personal injury case arising from a motor vehicle collision between a tractor-trailer and a passenger vehicle on October 1, 2019. Mr. Paul Reed was the driver of the tractor-trailer, which was blocking multiple lanes of Georgia Highway 16 at the time of the collision. Defendants Evans Delivery Company, Inc. and ENC Holding Corporation ("the Evans Defendants") are vicariously liable for Paul

1

Reed's negligence in this case. Defendant ACE American Insurance Company, the insurer for the Evans Defendants, is a proper party under Georgia's direct action statutes. This case seeks recovery for Plaintiff's injuries and damages, punitive damages, and attorney's fees and expenses of litigation.

**Defendant's Response:**

On October 1, 2019, Paul Reed was exercising reasonable care while backing his tractor-trailer into the driveway of his residence, which is located on Georgia Highway 16. The tractor, chassis, and container were well marked, and were open and obvious to approaching vehicles. In the exercise of due care Oliver Jordan should have seen and avoided driving into Reed's trailer.

Paul Reed was driving on behalf of Evans Delivery Company, Inc., which would have vicarious liability for any damages proximately caused by any negligence of Paul Reed in connection with this accident, but defendants deny that Reed was in any way negligent. ENC Holding Corporation did not employ or contract with Paul Reed, and is not a proper party to this case.

(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Plaintiff's Response:**

On October 1, 2019 at approximately 9:25 p.m., Plaintiff Oliver Jordan

("Mr. Jordan") was travelling north on Georgia Highway 16. Mr. Paul Reed's tractor-trailer was blocking multiple lanes of travel, including both northbound lanes and the center lane. Because the tractor-trailer had stopped and was backing illegally across the highway, Mr. Jordan was unable to see the tractor-trailer in time to avoid it. When Mr. Jordan saw the tractor-trailer, he slammed on the brakes. Mr. Jordan was unable to stop in time, and his pickup truck struck the side of the tractor-trailer. As a result of the collision, Mr. Jordan sustained serious, permanent injuries.

**Defendant's Response:**

On October 1, 2019, Paul Reed was exercising reasonable care while backing his tractor-trailer into the driveway of his residence, which is located on Georgia Highway 16. The tractor, chassis, and container were well marked, and were open and obvious to approaching vehicles. In the exercise of due care Oliver Jordan should have seen and avoided driving into Reed's trailer.

(c)     The legal issues to be tried are as follows:

Liability, causation, and damages.

(d)     The cases listed below (include both style and action number) are:

(1) Pending Related Cases: None.

(a) Previously Adjudicated Related Cases: None.

**2. This case is complex because it possesses one or more of the features listed below (please check):**

\_\_\_\_\_ (1) Unusually large number of parties
\_\_\_\_\_ (2) Unusually large number of claims or defenses
\_\_\_\_\_ (3) Factual issues are exceptionally complex
\_\_\_\_\_ (4) Greater than normal volume of evidence
\_\_X\_ (5) Extended discovery period is needed [*the parties request 6 months*]
\_\_\_\_\_ (6) Problems locating or preserving evidence
\_\_\_\_\_ (7) Pending parallel investigations or action by government
\_\_\_\_\_ (8) Multiple use of experts
\_\_\_\_\_ (9) Need for discovery outside United States boundaries
\_\_\_\_\_ (10) Existence of highly technical issues and proof
\_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff: James E. Butler, III, Butler Law Firm, 10 Lenox Pointe, Atlanta, GA 30324

Defendant: Jennifer C. Adair, Freeman Mathis & Gary, LLP, 100 Galleria Pkwy, Suite 1600, Atlanta, GA 30339

**4. Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

\_\_\_\_ Yes   \_\_X\_ No

If "yes," please attach a statement, not to exceed one page, explaining the

4

jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5. Parties to This Action:**

- (a) The following persons are necessary parties who have not been joined:

    None.

- (b) The following persons are improperly joined as parties:

    None.  Defendants believe that ENC Holding Corp. is an improper party, but that is more of a substantive contention, and not really what the parties understand this part of the Joint Preliminary Report to be asking about.

- (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

    None.

- (d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

- (a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

    None.

> (b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

> (a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.
>
> (b) *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.
>
> (c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.
>
> (d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information.  Refer to Fed.R.Civ.P. 26(a)(1)(B).

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

No.

**10. Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Policies and procedures of the Evans Defendants; driver logs, recorded data, and other documentary evidence relating to the collision; hiring, training, and retention information; relationships between the defendants; lay witnesses (to include both drivers, as well as responding law enforcement officers); expert witnesses; inspection of the vehicles of both parties; plaintiff's medical history and medical records; any damages alleged by plaintiff; and the location of the chassis and container that were involved in the subject collision.

7

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties jointly propose a six month discovery period. The parties anticipate that six months may be necessary to complete discovery because of the need to conduct discovery regarding multiple defendants and multiple expert witnesses.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

    (a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

    (a)    Is any party seeking discovery of electronically stored information?

__X____ Yes _____ No

If "yes,"

(a) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties do not anticipate that limitations on the scope of production of electronically stored information ("ESI") other than the bounds of the Federal Rules of Civil Procedure will be necessary.

      (b) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties have agreed that electronically stored information ("ESI") may be produced in the format each party normally and regularly maintains such information, at least initially.  The parties do not foresee problems with the format of the ESI, but any such problems can be addressed if they do arise.

      In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

      The parties do not request a scheduling conference at this time.

## 12. Other Orders:

      What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

      The parties do not request any such additional orders at this time.

## 13. Settlement Potential:

      (a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on July 9, 2019, and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.

      For Plaintiff: Lead counsel (signature): */s/J.E. Butler, III*

      Other participants: */s/Thomas Giannotti*

        For Defendant: Lead counsel (signature): */s/ Jennifer C. Adair*

        Other participants:

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

    (_____) A possibility of settlement before discovery.
    (\_\_X\_\_) A possibility of settlement after discovery.
    (_____) A possibility of settlement, but a conference with the judge is needed.
    (_____) No possibility of settlement.

(c)    Counsel do intend to hold additional settlement conferences among themselves prior to the close of discovery.  Parties have not yet scheduled the next settlement conference.

(d)    The following specific problems have created a hindrance to settlement of this case:

Insurance inquiries.  Plaintiff is attempting to gather information about any liability insurance policies (in addition to the $2m ACE policy) that do or may provide coverage, such as through ENC Holdings Corp., the owner of the chassis/trailer, or the owner of the cargo box that was mounted atop the chassis/trailer.  Defense counsel has agreed to look into these areas.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)    The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20\_\_\_.

(b)  The parties (\_\_\_X\_\_\_) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 29th day of May, 2020.

                        BUTLER LAW FIRM

                        BY: */s/ J. E. Butler III*
                             JAMES E. BUTLER, III
                                Georgia Bar No. 116955

10 Lenox Pointe
Atlanta, Georgia 30324
jeb@butlerfirm.com
(t) 678 940 1444
(f) 678 306 4646              **ATTORNEY FOR PLAINTIFF**


                        FREEMAN MATHIS & GARY, LLP

                        BY: */s/ Jennifer C. Adair*
                             JENNIFER C. ADAIR
                             Georgia Bar No. 001901
                             E. ANDREW TREESE
                             Georgia Bar No. 556850
                             *Counsel for Defendants Evans Delivery Company, Inc., ENC Holding Corp., and ACE American Insurance Company*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(t) 770 818 0000
(f) 770 937 9960
jadair@fmglaw.com
atreese@fmglaw.com            **ATTORNEY FOR DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 20\_\_\_\_.

_____
The Honorable TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE
Northern District of Georgia, Newnan Div.